316-0709, the oldest state of Illinois, acted by Chelsea Cassidy, v. Orlando Charles Alexander, and by James Wozniak. Mr. Wozniak, you may proceed. Good morning, Your Honors. May it please the Court, Counsel. My name is James Wozniak with the State Appellate Defender's Office, and I represent the defendant in this matter, Orlando Alexander. After the state rested its case and the prosecutor argued its only theory of the state's evidence, which was, quote, it was Mr. Alexander and no one else that had the gun as he ran down the street, the jury retired to begin its deliberations on the guilt or innocence of Mr. Alexander under the charge of possession of a weapon by a felon. The jury then had a question, and that question was, what is the definition of possession in accordance with the law? And it's this question that was answered by the court with an instruction on the definition of possession, which was air, because it introduced a new theory of the offense of possession to the jury, and that was a legal theory that the state didn't argue, defendant's counsel did not defend against or make any closing argument against. That instruction is a correct statement of the law? The instruction is a correct statement of the law, yes, Your Honor. And typically, it's totally proper when requested to give an instruction in an area where possession is an issue. If that's the instruction, that's given. The committee notes of that instruction state that if constructive or joint possession is not an issue, then it's not, a instruction on possession is not necessary. But you really don't have any quarrel with the language of that instruction, correct? No, no. Your argument is that it's not appropriate to give an instruction after the jury has gone. This instruction, because this instruction introduced a new theory of the offense, which is constructive possession. Is it, do you believe that it was improper for the judge to respond to their jury question because certainly after the O.J. Simpson trial, there have been tons of questions asked by juries to trial judges for further clarification on it. That happens all the time. And there is, typically the judge, pursuant to the law, is required to give some kind of response and make some kind of determination with the theory of the argument of both sides. What to do with that question from the jury, correct? That's correct, but I think in this scenario, in this scenario, the Millsap case that is cited in my briefs, that was a case that was an accountability theory. So the state's theory was that the defendant was the principal, a jury's question was raised accountability, and then an instruction of accountability, a new theory of the offense was given. And in that case, what the court said is that what should have occurred was that the judge said, you've been given the instructions that you've been given, and not further instruct. And I think that's what could have happened here. You've been given the instructions on the law that you've been given, continue deliberating. What were the suggestions by the attorneys when that question came up? The defendant's counsel objected to the definition being, or excuse me, the instruction being given to the jury. So it was objected to, the objection was overruled, the instruction was given, and then defense counsel again, in his post-trial motion, brought up the issue again, stating that it was error to instruct the jury on this additional theory. And it's clearly a different theory, that the state, again, the testimony of the state, or the evidence was Officer Sylvester says, there's a car that's been pulled over, there's three people outside of the car, a woman and two men. He says, Mr. Alexander and the other man flee from the vehicle, and Sylvester says that Mr. Alexander has a gun in his hand. Mr. Tillman and Mr. Alexander eventually arrest it, neither one of them have a gun on their possession. A gun is found by a fence in the yard. There's no fingerprints, there's no DNA evidence that links to the direction where the... The state's evidence was from where Officer Sylvester said that Mr. Alexander ran, that the gun was found in the nearby, the direction of where Mr. Alexander ran to. In the line of a skateboard. From my recollection of the facts, it was by a fence of a yard that was a number of feet from where Mr. Alexander was seen running, and there was discussion of whether or not he could have thrown it, or would have been able to throw the gun that far. The defense, though, calls a witness, and that's the woman in the car, Ms. Alexander, who says Mr. Tillman, who's the other person in the car, has a gun in her car, Mr. Alexander. She's the sister of the defendant. That is correct. So the jury is entitled to weigh her credibility accordingly. That's correct. It's probably not as strong as you would like it to be, but it is in the record. It's in the record, and I think what's also in the record is that one of the other officers that testifies, not Officer Sylvester, testifies that this vehicle was pulled over, and that he does not indicate why the vehicle was pulled over, but does say, before they have the discussion about the vehicle, says that he's part of the Target Offender Unit, which targets gang activity in certain areas of Peoria. So a jury could hear that and think, okay, well, there's two people, two men, that have fled from this vehicle. Ms. Alexander is saying that Mr. Tillman's the one that has the vehicle, but maybe the jury goes back and says... It's the gun. I think you said has the gun. I'm sorry, has the gun. I'm sorry. I do believe it. There are cohorts in some sort of criminal activity, and they could even think that Mr. Officer Sylvester is mistaken in his testimony, but somehow Mr. Alexander is responsible for Mr. Tillman's possession of the gun. Is that the reason the jury asked for that definition? We don't know, but what Millsap says is that as long as there's a possibility that a new theory interjected at that point, and that the jury considered that theory, and then convicted the defendant under that new theory, that defendant and defense counsel didn't have a chance to argue, again, that's... The only piece of evidence that indicates someone has a gun is the evidence about the defendant running away with the gun. From the state's case, the only evidence is Officer Sylvester saying that Mr. Alexander has a gun in his hand when he is running from the vehicle. Correct. Weren't there other facts that the gun was located within throwing distance of the route of travel of either person? There are maps that are introduced. There's some confusion from Officer Sylvester, if you remember, what... From his testimony, he sees the two men, he sees the two men run, but once he sees Alexander, he says, with the gun, I think he focuses on him, he doesn't know where Mr. Tillman runs to... Mr. Tillman was apprehended by another officer. Yes, correct. And if I recall correctly, he was within the vicinity of the gun where it was found in the yard, but he was on the other side of the fence in some bushes, so the theory was he couldn't have thrown it because it would have hit these other... I believe that's correct, yes. The state's theory was that Mr. Alexander threw the gun or had the ability to throw the gun where it was found as he was running. Again, their only theory, though, that he actually... In fact, in the state's rebuttal arguments, there's only one person who actually had the gun, who uses the word actually, and that's Mr. Alexander. You know, to show constructive possession,  where it was found in the yard because he didn't introduce any evidence that it was his yard or his property, exerted any control over it, or that he was exerting control... Or that it was immediately accessible. Or it was immediately accessible. So the only theory is actual, the possession, and that's the theory that the defense counsel argues against. And then suddenly, now, after the deliberations have begun, and the jury asks the question on the possession, a whole new theory has been introduced that the jury could consider. In another life, have you been in a trial courtroom? Have you conducted a trial? Yes, Your Honor. When you do the instruction conference, is the instruction conference on the record here? Did anybody mention possession, constructive possession? No, the instruction conference was on the record, and from my recollection of the record, a definition of instruction of possession was not discussed at all until the jury... Was it submitted by the state or the defense? It was submitted by the state. As soon as the jury comes back with a question, now there's a... During the conference of instructions, before the jury gets the case, did the state tender an IPI instruction on possession in the definition of possession? No. So later, when the state would like that instruction to be given, and I presume it's an IPI instruction, defense objects. Yes. And so in your former life as a trial attorney, when there is an objection by the defendant, what would be the most less risky decision for the trial court to make at that point in time in order to avoid injecting error into the record? To... Based on your experience, what do you think a trial judge could have done? I think the trial judge, because it is an IPI instruction, and that IPI instruction has the committee notes, reading the notes from... Based on what the state's theory of the case was, the evidence that was presented, say, well, constructive and joint possession is not an issue here, so I'm going to respond to the jury's question with, you've been instructed as to the law. You've received your instructions and... My question is, why would a judge risk injecting error into the record when the jury already has the case? The defense counsel objects to that instruction, and it's certainly within the judge's discretion to say, you've already received all the instructions on the law, and the parties would like you to return to the deliberations. I don't know specifically in this case. I think at the motion for a new trial, it might become a little more clear, is that it seems that the trial judge thinks, well, possession's possession, actual or constructive, and so almost why can't I instruct them on that? And I think there's a comment that, you know, if you don't know that there's two separate, actual or constructive, then that's... And it could be harmless, because it could be harmless. I don't think... Based on what the discussion between the defense counsel, or at the motion for a new trial, I don't think the judge believes that it's... The judge didn't believe it was there at all, regardless if it was harmless or not. Thought that, yeah, the jury can get this instruction as possession. Almost as if he was just answering the question from the judge. You know, if he was just giving an answer, as opposed to an actual instruction on it. Sort of how he took it. Yeah, because you have a very specific question from the jury. What does possession mean under the law? I mean, they actually put that in their question. And then here's a judge looking at a IPI instruction that has the definition of possession. Actual, constructive, and joint. But the committee notes go further, saying if constructive and joint is not an issue, then a instruction shouldn't be given. And... That's why it troubles me, because when the state walked into the conference on jury instructions, before the jury was instructed by the court, the state didn't walk in with the definition of possession. Correct. So that is a concept the state, who has the burden of proof, didn't think they had to prove. Correct. And if you look at the Millsap case, and then the Labs case, which is a third district case that I cite in... in my opening brief as well, that's a kind of similar thing that occurs, is that this is a principle theory, and then based on a question from... In one of the cases, it was what a defense counsel said during closing argument. And then the others from both were then ultimately jury questions about accountability. And you could almost read between the lines of the prosecutor going, oh, no, I've only done as a principle, and the jury isn't thinking that the defendant's a principle, but thinks they're accountable, and now introduces that new theory of the offense that ultimately the defendant was convicted of. And in both cases, that was error that warranted a conviction reversed in a new trial. And that's what we argue should happen here, that the error was preserved by defense counsel, that it was not harmless beyond a reasonable doubt, and that Mr. Alexander's conviction should be reversed in this matter, be remanded for further proceedings. Is there any other questions at this time, Alice? Thank you. That's the first slide. May it please the court, counsel, Chelsea Kasten on behalf of the state. Your honors, as an initial matter, Jasmine Morton was original counsel for the state, but she has since left the appellate prosecutor, and I was asked to take over this appeal. However, this record is a physical record, not an electronic, and I was not able to obtain the record for my review, so I'm relying on the briefs, some handwritten notes, and some randomly scanned pages from the record that were given to me. I'll endeavor to do my best to answer the court's questions thoroughly. However, I may have to defer to your own review of the record. Why wasn't the record available to you? Your honor, I believe the court already had it out to one of the judges. If that happens again, just ask for the record to be returned. So you can prepare for oral arguments. Because oftentimes, we're done looking at the record at the time you're preparing, so just in the future. Thank you, your honor. We'll make note of that for the future. However, in this case, your honors, the trial court did not abuse its discretion by including the definition of possession, which was an element of the charge of unlawful possession of a firearm by a felon. In this particular case, the trial court had a duty to clarify to the jury who asked a pertinent and, frankly, intelligent question as it was reviewing the facts of the case during its deliberation. But doesn't that sort of beg the question that why wasn't the instruction tendered during the instruction conference? Certainly, your honor. And I think that it should have been. However, it's not always a perfect system. And so, no, it was not included in the original instructions. However, during its deliberations, the jury was clearly debating, okay, well, what is possession? And it did follow with this state's theory of the case in providing the definition. It did not change or expand the theory, which was that the defendant was seen holding a gun when he was fleeing the vehicle. However, at one point, the officer who was pursuing him lost his line of sight on the defendant and by the time he was rediscovered, there's no gun. But the gun was found on his path of travel. Logically, he could have tossed it. The gun is covered with dirt from being found on the ground. And so, at some point, he's trying to ditch the gun because clearly he knows he's not supposed to have it. That's the state's theory of the case. Now, this didn't change the defendant's theory or his ability to respond because his whole theory was that he never had it. So the instruction did not create a new theory. It asked a relevant question from the jury that properly states the law and correctly responded to their inquiry. His argument was that he lacked the knowledge or the intent to possess it either actually or constructively because he didn't have it. So his argument never would have changed. Even if he didn't physically have it, if he knew it was in the car and the car's being small enough, knew that he could get his hands on it, that would be enough for constructive. But that wouldn't necessarily be enough for actual possession. Certainly, Your Honor. And I think the interesting thing is that we have both in this case. He was seen with the actual gun, but then he's trying to get rid of it. There's testimony that he was seen. The jury has the right to believe the sister as well. But he didn't have the gun. There are two individuals. Maybe there was a mistake made. So we can't just make a foregone conclusion because it was the police officer's testimony that it's going to be believed more than his sister. Although that's likely the case. In terms of maybe being able to judge their demeanor and the way they looked, maybe the jury was missing. We don't think he had it, but he had to know it was there. Maybe that's what we're contemplating. I would like to follow up on Justice O'Brien's thought process. And that is, how do we know the jury didn't find that he constructively possessed the gun in the back seat? As the sister said, the gun was in the back seat with Mr. Ibarra. I think I could have the name wrong. So how do we know what point in time the jury was contemplating? We don't, Your Honor. We don't have the full answer to that. And, of course, the believability of the witnesses is up for the jury to decide as they're deliberating. And so, to a certain extent, we don't know the answer to that. What we have, however, are the rest of the facts of the case. And the jury wanted to know if it was still deemed possession, assuming, based on their question, if you're seen with it and then it's not discovered on your person anymore, is it still going to be considered possession? Can you answer that question? Well, Your Honor, it depends on the facts of the case. Let's talk about the facts of this case. I think it was 20 yards, I could be wrong, from where the defendant was actually apprehended. I believe so, Your Honor, yes. And constructive possession requires that it be immediately accessible. He has intent to exercise control over it. So, I'm a little worried on the sufficiency of the evidence for constructive possession. Yes, Your Honor. Under People v. Ingram, it says that constructive possession can be established by evidence that permits the inference that the defendant knew what the object was, where it was located, had previously obtained it, or intended to obtain or retrieve it at some future point. So, the assumption then is obviously that it was not found on the defendant's person, but if we're looking at these facts, based as they were presented at the court, okay, so, did he know what the object was? Well, you just found a gun in a yard that's covered in dirt, the same way that a defendant was fleeing from the police. Under the Collins standard for the sufficiency of the evidence, did you have a witness saying they saw the guy with the gun? Yes, Your Honor. However, the officer also testified that he did lose sight of him at one point, and then he was rediscovered hiding underneath a deck. So, I believe this was in a neighborhood. But, the gun that he was seen with, or a gun, in the same direction as him, was found on the ground, not really a normal thing to find in someone's yard, 20 yards away from where someone has fled from the police and is now hiding underneath a deck. It's not going to take a quantum leap for the jury to think, it's not really normal, no, that might indicate a possession. Where is it located? Not a normal place. In close proximity to the defendant, and while I understand that there was some debate because there were two men who fled the vehicle, the other individual, first of all, the description of the two individuals were completely different, and the defendant was the one who was identified as carrying the gun, but then the other individual was significantly further away, and I believe that there was some question as to the weight of the gun in question, and how difficult would it be to toss it while you're running. And, again, I don't have records, so I don't know the full extent of it, one of those random pages that I had, but there was some question about, okay, well, if this is a super heavy gun, how far are you logically going to be able to toss it while you're fleeing and you're trying to get rid of it? You've got this guy over here who's way further away with a heavier gun, you've got the defendant right here, it's a shorter distance to his location, and you have testimony that he was already holding it. So, that goes to, if he knew what the object was, where it was located, we've got testimony that he previously obtained it, intended to obtain or retrieve it at some future point, he got caught, so we don't really know the full answer to that. However, looking at those applicable questions, then, yes, he was constructively possessing the gun, and it's not unbelievable or unreasonable for the jury to have looked at this evidence and concluded, yes, first he did actually have the gun, and then he was constructively possessing it, but he was also trying to get rid of it because he knew he wasn't supposed to have it. I'd like to ask you a question about the prosecutor's closing argument, because I know that you know the prosecutor goes first, then the defendant responds to the prosecutor's argument, and because the state has the burden of proof, the state's attorney has one last chance to convince the jury. So, I read the prosecutor's opening closing argument, and I didn't see any mention in that closing argument about constructive possession. And I'm just going to read you some real quick quotes. The police officer, this is what the prosecutor argued, the police officer who witnessed the defendant running with the gun in his hand. Defendant and no one else had the gun as he ran down the street. The place that the gun was found was in this defendant's path. Very unlikely that the officer would mistake the two, that the defendant was found in this area, the gun being in his path of travel. I would suggest the evidence is overwhelming that he also was in possession of the gun that night in the 1600 block of South Livingston. Constructive possession was not discussed in the prosecutor's opening closing argument. So defense counsel then argues, and the prosecutor comes back with this theory about constructive possession. The defendant hasn't had a chance to rebut that. Hasn't had a chance to rebut that theory. Is that so egregious that the trial itself would not be fair to the defendant? No, Your Honor. I believe, first of all, that some of the statements that were discussed from the rebuttal in closing were actually in context in response to defense counsel's argument. And it could be inferred that they were saying even though they didn't say this was a constructive possession, it can be inferred from them saying he tosses it. It's in the yard next to him. It's in his path of travel. They're inferring that it was a constructive possession. And as the trial court stated, defense counsel should have known that there's both ways to possess the gun. That doesn't go onto an error of the trial court. That would have been on defense counsel, but then defense counsel would have had to debate, okay, so what's my theory going to be? I'm going to have to try to argue constructive possession? He can't possess it at all. So his only theory he could have had was that he just never had it. That was the only argument he could have made for his client to have been found not guilty in this case. It was the only thing he could have done. So he should have known that it was actual or constructive possession. But a smart defense counsel is not really going to go into that distinction because he just doesn't want the jury to think about it. Not for this charge. And especially if that instruction has not been tendered and it's not been requested. Do you think if the prosecutor would have tendered that jury instruction during the conference that it would have been accepted? It should have been, Your Honor. I think we can all agree it is a proper IPI instruction. It's straight out of the book. So then when it's not, and as the defense counsel, isn't it reasonable and probably very prudent that they're not going to hear that basically coming anywhere near a gun that you know is there puts you in constructive possession. They're only going to hear about possession and that is actual possession and what people normally think about having something. At that point, now they've sort of they certainly wouldn't be advocating for that instruction to come in in this set of circumstances in the front end. So the state doesn't think about it. Is it a little unfair that then when the jury is like, obviously not exactly sure that the state's meant its burden then the state gets to toss it out there and there's no argument at all that the defense can make to that jury. Your Honor, I don't think that the argument would have been any different is the thing in that situation. I'm sorry, the defense counsel's argument would never have been any different because as I said it couldn't be in advocating for his client. Thank you. Now, the trial court in this position also has its duty to the jury so that they can understand the legal principles. And I believe that the direct quote for what they said was could they have the definition of possession in accordance with the law. So they obviously understood that okay, so the law is going to give me the specific definition of possession. This is an element of what we're deciding right now. But they haven't told us what that definition actually is. It's a very intelligent question from the jury to ask. And in this case there isn't anything to indicate that the state was saying that he had only actually possessed the gun. Again, in closing arguments Do you think the question suggests that the jury was not convinced he was running down the street with the gun in his hand? Because there would not be a reason to ask that question if they were convinced he had the gun out running down the street. I'm not sure what the answer is to that, Your Honor. And that's a truthful answer. And that's why this is subject to review for an abuse of discretion because the record can only tell us so much before we're just left with a guessing game. And so I don't know what the correct answer is. When it is a guessing game, who do we give the benefit of the doubt to in a criminal case? In this particular case, Your Honor, obviously I'm saying in favor of the state. It does, of course, depend on the facts of each individual case. And so it will ultimately come up to this court's determination of applying the facts to the relevant law. Was there an abuse of discretion by the trial court? And in this particular case, we're saying that no. Now, Justice Wright did suggest, well, if it was an error, could it also be harmless? We would say yes. If it was an error, it would be harmless because there was no other argument the defense counsel could have possibly made in this case for his client because it doesn't matter what kind of possession it was. It was illegal for him to have it. So, unless the court has any further questions. Thank you. I'd ask that you affirm. Justice Wright, I think what the Millsap case would say is that when we don't know, but there's a possibility that the defendant was convicted on that new theory, then the defendant gets the benefit of the doubt. And when you take Millsap and Labs, again, these are accountability theories. I believe, I know Labs is and I believe Millsap is both murder cases and you have the person charged as the principal and then accountability under a felony murder theory or every defense counsel I would quote that is handling a murder case is going to know that my client that's a felony murder case is going to be able to be convicted as a principal or under the accountability theory. But if the state is going forward and just going on a principal theory and not bringing up an accountability theory at all, I'm not going to make an argument as to accountability because this isn't one of those kinds of cases at all you've got an officer who says he saw the guy you've got other evidence of the sister saying oh no, he didn't have a gun but you've got these facts presented to the you have different facts, yes, but you have two theories to find the guy didn't have a gun you have to say the officer was I think the jury could think that the officer was confused as well I don't think the jury has to say that the officer was lying I think he's not even the first officer on the scene when he pulls up and I think his testimony is when he gets there there's already three people outside of the car and he's watching one person, two start running it's night time, so the jury could say well Officer Sylvester is confused who actually had the gun and then looks at the testimony of Ms. Alexander well Mr. Tillman in the vehicle, he had a gun and the state could have if they wanted to, there would have been nothing stopping the state from introducing the theory of constructive possession during the trial if that's what they sort of chose to do constructive possession, okay jury Mr. Tillman's got the gun but Mr. Alexander's responsible for the gun or you find it by the fence and that's constructive possession, the state could have made that argument, they didn't make that argument, they said actual possession and if the state would have made that argument then defense counsel would have had an opportunity to argue against it and said well because in that scenario the instruction would have been given and the instruction would have been actual possession, correct, correct, they don't argue constructive at all correct, the only hint of anything else is when this instruction is given about possession which is an IPI instruction correct correct, and so you've got the under your theory, the jury then creates this other argument, because we don't know what their we don't know what the arguments were from the state correct, and to Justice Wright's point is that we don't know why the jury is asking for this, maybe they are looking at well who possessed it in the vehicle and maybe it's Mr. Tillman and maybe he constructively possessed it and the instruction itself that's the issue is that a person has constructive possession when he lacks actual possession, so you can't have actual and constructive at the same time of a thing, but he has both the power and the intention to exercise control over a thing either directly or through another person, I mean we don't know why the jury I mean anecdotally in my experience as a trial judge for 20 years, a lot of times it depends on who's on the jury, certain occupations tend to want more definitional instruction from the jury than other occupations if they're on the jury this is neither here nor there but there are some people who want more definitions than are normal they right, but the instruction the IP instruction is clear, is that since the state didn't argue constructive or joint possession that's not a theory, then you don't give an instruction and I wouldn't recommend obviously a court then giving a non-IPI instruction but it should not be given I believe as the committee knows yes I'm going to interrupt you again because I'm so good at it, but I do want to give Justice O'Brien credit for the question I asked I'm sorry so let's give her credit there's another issue that neither one of you have touched on and that's forfeiture it was preserved during the trial with an objection but it wasn't included in the post-trial motion it was included in the post-trial motion, but the post-trial motion was late but the state did not, at the trial court level, did not argue or bring up that the post-trial motion was not timely they said that they were ready to argue the motion and that motion was argued on the merits ultimately against the so you think the state has waived the forfeiture yes, I filed an amendment reply brief where we argue that the state has forfeited their forfeiture argument and so that this issue is preserved but it wasn't argued it was argued, yes but it wasn't argued in the motion it was argued in the post-trial motion it was argued in the written motion, yes the late one was said in the written motion the jury instruction what the defense counsel said was a jury instruction error the instruction being given was raised in the post-trial motion and argued, but the post-trial motion was filed beyond 30 days so it was in the writing it was argued, but it was in the writing it was in the written type motion yes, yes it was argued in front of the judge correct, and the state argued the merits of it and the state did not raise that the motion was not timely filed, so we would say that the state has forfeited that and that this court can find that this issue has been preserved would you agree that it would not have been a good defense strategy for counsel to argue constructive possession since he was objecting to that instruction in the first place yes, and perhaps that could be used against him somebody would say on appeal work you knew about it, you argued it, you've waived it yeah, I as a defense counsel the state is presenting which theories of the offense that they're trying to prove and so as a defense counsel your job is to be defending against those theories and you're not doing your client a service by introducing a new theory of the offense that your client could be convicted of especially since the state hasn't even argued it and explicitly says, again in the rebuttal argument that there's only one person who actually possessed the gun and that's Mr. Alexander are there any other questions from the court? again, your honors, thank you we ask that you reverse Mr. Alexander's conviction and remain in this matter for further proceedings thank you, Mr. Wilson, and thank you both for your argument here today the matter will be taken under advisement and a written decision will be issued to you as soon as possible I have been in here while the case was being argued but I know that you have Mr. Wozniak with our guest today from the 12th Judicial Circuit we have two judges Judge Matt Bertani and Judge Dave Garcia and is it four, twelve, how many I think we have 13, no 12 today 12 law students who participate in the judicial externship program I think you guys maybe asked some questions to other panels or just an introduction of how things worked we talked to the appellate prosecutor and the appellate defender about what their jobs and their roles are they were nice enough to do that I'm sure these folks were as well I didn't know you were in the audience so maybe I wouldn't have asked so many questions Of course, as child judges we're used to being imperfect Well, we like to say that child judges have to make rapid decisions they don't get a chance to take things under advisement for a few months and confer with two law clerks and two other esteemed colleagues in making a decision We'll have to make sure that if a decision comes swiftly that we share it with you I'll keep track of it We look forward to seeing you at the appellate luncheon in about 45 minutes Thank you Good luck in your future endeavors in school It's great being with you With that, I'll stand